*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re WATSON/WATKINS, Minors.

UNPUBLISHED
June 15, 2023

No. 363379
Genesee Circuit Court
Family Division
LC No. 19-136533-NA

Before: RIORDAN, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

Respondent-mother appeals by right the trial court's order terminating her parental rights to her three minor children, TW, DW, and TLW. We affirm.

## I. BACKGROUND

In late 2019, respondent-mother brought TW, who was then nearly two years old, to the hospital with a severe burn to her face and thermal trauma to the inside of her throat. TW's skin was peeling off, and she required surgery and intubation to breathe and eat. She required months of treatment, although she eventually recovered almost fully. Respondent-mother claimed to medical personnel and to police officers that she had placed TW in the bathtub and left for less than a minute to check on DW, who was then an infant; she returned to find that TW had turned on the faucet and was holding her face and hands under the running hot water. The medical personnel and police deemed this explanation implausible because of the total absence of splash marks or burn injuries to any part of TW's body other than her face, as well as the clear and smooth, rather than jagged, edges of the burn injury to TW's face.

Petitioner filed a petition for the removal of TW and DW and the termination of respondent-mother's parental rights at the initial dispositional hearing. Petitioner subsequently filed a supplemental petition for the removal and termination of respondent-mother's rights to TLW, who was born during the pendency of the proceedings below. The trial court authorized the children's removal. The fathers of the children are deceased, and the children were initially placed in foster care. Eventually they were placed with their maternal grandmother in Arizona, before being placed in the care of their maternal aunt in Arizona after their grandmother passed away.

An adjudication trial and termination hearing was held in August and September 2022. At trial, several witnesses, including an experienced pediatrician, opined that TW's injuries were inconsistent with respondent-mother's explanation and consistent with being forcibly held down in hot water. Testimony also established that the children were doing well in their placement.

The trial court found by clear and convincing evidence that TW had suffered "some very, very severe burns" to her face and that TW's injury was nonaccidental and "not consistent with mother's version of what happened." The trial court failed to state which ground or grounds for termination it found established, but appears to have relied on MCL 712A.19b(3)(k)(*iii*) ("The parent abused the child or a sibling of the child, the abuse included 1 or more of the following, and there is a reasonable likelihood that the child will be harmed if returned to the care of the parent: . . . Battering, torture, or other severe physical abuse.").[1] After making its statutory-grounds findings, the trial court noted that the children had been "bounced around" and were thriving in their current placement, and found that termination was in the children's best interests. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews for clear error a trial court's determination that at least one statutory ground for termination was proven by clear and convincing evidence. *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). This Court also reviews "for clear error a trial court's decision regarding reasonable efforts." *In re Sanborn*, 337 Mich App 252, 258; 976 NW2d 44 (2021). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. at 272-273 (quotation marks and citation omitted). Under the clearly erroneous standard, a trial court's decision must be "more than just maybe or probably wrong." *In re Williams*, 286 Mich App 253, 271; 779 NW2d 286 (2009). Unpreserved issues are reviewed for plain error affecting a respondent's substantial rights. *Sanborn*, 337 Mich App at 258, 263, 268. Under the plain-error rule, respondents must establish that (1) error occurred; (2) the error was plain, i.e., clear or obvious; (3) the plain error affected their substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *In re Ferranti*, 504 Mich 1, 29; 934 NW2d 610 (2019).

## III. AGGRAVATED CIRCUMSTANCES

Respondent-mother argues that because petitioner alleged physical abuse of TW but did not specifically allege aggravated circumstances, it was required to offer services rather than seek termination of respondent-mother's parental rights at the initial dispositional hearing. Relatedly, respondent-mother argues that the trial court erred by terminating her parental rights without ordering that reasonable efforts at reunification be made and without explicitly stating that aggravated circumstances existed. We disagree.

Petitioner has an affirmative duty to engage in reasonable efforts to reunify a respondent-parent with a child in all cases unless there are aggravated circumstances. *In re Simonetta Minor*,

---

[1] The petitions sought termination at the initial dispositional hearing under MCL 712A.19b(3)(k)(*iii*) and (k)(v) ("life-threatening injury"), among other grounds.

___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357909); slip op at 3 (*Simonetta III*). Under MCL 712A.19a(2), reasonable efforts need not be made only if there has been " 'a judicial determination that the parent has subjected the child to aggravated circumstances' " as provided in MCL 722.638. *In re Rippy*, 330 Mich App 350, 355; 948 NW2d 131 (2019), quoting MCL 712A.19a(2). "Aggravated circumstances" include "[b]attering, torture, or other serious physical harm." MCL 722.638(1)(a)(*iii*). In reviewing claims of error involving aggravated circumstances, the proper emphasis is on the evidence rather than on the petition. *Simonetta III*, ___ Mich App at ___; slip op at 3. The trial court must make a "judicial determination that the respondent subjected [the child] to the circumstances provided for in MCL 722.638(1) and (2), and satisfied the requirements of MCR 3.977(E)[2] necessary to terminate the respondent's parental rights without requiring reasonable efforts at reunification." *In re Simonetta Minor*, 507 Mich 943, 943; 959 NW2d 170 (2021) (*Simonetta II*). A trial court's failure to make factual findings that support such a determination warrants remanding a case to order that services be provided or to "articulate a factual finding based on clear and convincing evidence that aggravated circumstances exist such that services are not required." *Id*.

Respondent-mother argues that the trial court's failure to explicitly state that it had found aggravated circumstances to exist was plain error requiring reversal. See *Simonetta II*, 507 Mich at 943. However, *Simonetta II* establishes that the trial court must articulate certain kinds of *factual findings*. Therefore, the trial court's failure to use the words "aggravated circumstances" is not dispositive. The trial court clearly made factual findings supporting that "battering, torture, or other severe physical abuse" under MCL 712A.19b(3)(k)(*iii*) had occurred. Notably, "aggravated circumstances" include circumstances in which "a parent . . . has abused the child or a sibling of the child and the abuse included . . . [b]attering, torture, or other serious physical harm." MCL 722.638(1)(a)(*iii*). Relevant to both statutes, "abuse" includes "harm or threatened harm . . . that occurs through nonaccidental physical or mental injury." MCL 712A.12a(21)(a); MCL 722.622(g). Because the trial court's factual findings supported that respondent-mother had subjected TW to battering, torture, or other severe physical abuse under MCL 712A.19b(3)(k)(*iii*), they amounted to a judicial determination that respondent-mother had subjected TW to aggravated circumstances as provided in MCL 722.638(1)(a)(*iii*). See *In re Rippy*, 330 Mich App at 358. The trial court may have erred by failing to explicitly state that it was making findings regarding aggravated circumstances, but, as we discuss below, it ultimately made the requisite factual findings. We find no plain error.

## IV. STATUTORY GROUNDS FOR TERMINATION

Respondent-mother also argues that the trial court erred by holding that statutory grounds for termination of respondent-mother's parental rights had been proven. We disagree. "A court may terminate a respondent's parental rights if one or more of the statutory grounds for termination listed in MCL 712A.19b(3) have been proven by clear and convincing evidence." *In re*

---

[2] "MCR 3.977(E) provides the procedural requirements for terminating parental rights at an initial dispositional hearing." *In re Utrera*, 281 Mich App 1, 16; 761 NW2d 253 (2008). There is no contention in this appeal that the trial court failed to comply with the procedural requirements set forth in the court rule.

*Olive/Metts*, 297 Mich App at 40. Respondent-mother essentially argues that no statutory grounds were established because the evidence was circumstantial, and also that TW's injuries cannot have been very serious because they eventually healed. We disagree.

Termination-of-parental-rights cases are in many ways analogous to criminal proceedings. *In re Moss*, 301 Mich App 76, 84; 836 NW2d 182 (2013). Criminal guilt may be established on the basis of circumstantial evidence and reasonable inferences therefrom, so long as those inferences do not stray into mere conjecture. *People v Xun Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020). The touchstone is whether the evidence tends reasonably to favor one particular explanation above all others, as opposed to an explanation being merely plausibly consistent with the facts. *Skinner v Square D Co*, 445 Mich 153, 163-167; 516 NW2d 475 (1994). The evidence in this matter established that TW's injuries were consistent with being intentionally held face-down in hot water and were inconsistent with respondent-mother's proffered explanation. Respondent-mother argues that no burn expert testified about how long it would take hot water to cause TW's burns, but this argument overlooks the unrebutted testimony that a police officer and an experienced pediatrician found the injury *pattern* to be inconsistent with respondent-mother's proffered explanation. Similarly, the unrebutted medical testimony established what could easily be deduced by everyday experience: a child exposed to hot water would instinctively try to pull away from it. The trial court did not clearly err by finding that respondent-mother nonaccidentally caused TW's burn injuries. *Olive/Metts*, 297 Mich App at 40.

Respondent-mother also seemingly argues that TW's injuries were not serious enough to support a finding of battery, torture, or other serious harm, because they eventually healed. The fact that TW eventually healed does not mean that her injuries were not extremely serious. The evidence presented at the termination hearing was that TW's skin on her face peeled or sloughed off as the result of her severe burns, that she required invasive surgery to be able to breathe or eat, and that she required months of rehabilitation or aftercare. Although the trial court did not specifically find that TW's injuries were life-threatening, the evidence clearly would have supported such a finding; there was ample evidence to support the conclusion that TW's injuries amounted to severe physical harm. The trial court did not clearly err by finding that clear and convincing evidence established that respondent-mother subjected TW to "battering, torture, or other severe physical abuse." *Olive/Metts*, 297 Mich App at 40.

## V. BEST-INTEREST DETERMINATION

Respondent-mother also argues that the trial court erred by concluding that termination was in the children's best interests. We disagree.

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *Olive/Metts*, 297 Mich App at 40. The focus of the best-interests analysis is on the child's rights and interests, not the parent's rights and interests. *Moss*, 301 Mich App at 87-88. At this stage, "the parent has been found unfit, [so] the focus shifts to the child and the issue is whether parental rights *should* be terminated, not whether they *can* be terminated." *Id*. at 89. The children's best interests depend on a multitude of factors, including the children's bond with the parent, the parent's parenting ability, the children's need for permanency, the relative advantages of the foster placement, the children's age, inappropriate parenting techniques, continued involvement in domestic violence,

-4-

the parent's history of visitation, the parent's own questionable relationships, the parent's compliance with treatment plans, the children's well-being in foster placement, and the possibility of adoption. *Sanborn*, 337 Mich App at 276-277.

The trial court must consider and address a child's placement with a relative, which weighs against termination. *Olive/Metts*, 297 Mich App at 43. Here, the trial court recognized that the children were placed with a maternal relative, noting that the children had "been through a lot" but were currently doing well in their placement.[3] Although this finding weighed against termination, placement with a relative is not dispositive. *Atchley*, ___ Mich App at ___; slip op at 7. The trial court recognized that petitioner relied on the doctrine of anticipatory neglect regarding the children other than TW. Under the doctrine of anticipatory neglect, how a parent treats one child may be probative of how the parent can be expected to treat other children, although it is merely a predictive tool and not an irrebuttable presumption. See *In re Kellogg*, 331 Mich App 249, 258-260; 952 NW2d 544 (2020). As discussed, the trial court also found that TW had been severely abused. The trial court was permitted to rely on its findings regarding statutory grounds for termination in making its best interest determination, *In re Trejo*, 462 Mich 341, 353-354; 612 NW2d 407 (2000), superseded in part on other grounds as recognized by *Moss*, 301 Mich App at 83. Furthermore, severe abuse of a child while in a parent's care, and evidence that the child is thriving in placement, supports a finding that termination is in the child's best interests. See *In re VanDalen*, 293 Mich App 120, 142; 809 NW2d 412 (2011). The trial court did not clearly err by finding that termination of respondent-mother's parental rights was in the children's best interests. *Olive/Metts*, 297 Mich App at 40.

Affirmed.

/s/ Michael J. Riordan
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra

---

[3] At the time the trial court entered its order, MCL 712A.13a(1)(j) explicitly defined "relative" as including an aunt or a grandparent. The statute has since been amended by 2022 PA 200, but the new definition includes individuals "related to the child within the fifth degree by blood, marriage, or adoption," which would seem also to include an aunt or grandparent.